UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOUHAMMAD RAZZAQ, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>  -against-<br><br>BBKM ASSOCIATES, LLC d/b/a MIRAGE DINER and BILL KONTOLIOS,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**Collective Action and Class Action Complaint** |

Plaintiff MOUHAMMAD RAZZAQ individually and on behalf of other similarly situated employees by and through his attorneys, FISHER TAUBENFELD LLP, allege against Defendants BBKM ASSOCIATES, LLC d/b/a MIRAGE DINER (the "Company" or the "Corporate Defendant") and BILL KONTOLIOS ("Defendant Kontolios" or the "Individual Defendant")(the Corporate Defendant and Individual Defendant are collectively "Defendants") as follows:

## JURISDICTION AND VENUE

0. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State and New York City law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

1. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

**THE PARTIES**

2. Upon information and belief, Corporate Defendant is a domestic limited liability company previously organized and existing under the laws of the State of New York and maintains its principal place of business at 717 Kings Highway, Brooklyn, NY, 11223.

3. Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

4. Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

5. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

6. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

7. Upon information and belief, Defendant Kontolios resides in the State of New York and is an owner, manager and/or employee of the Corporate Defendant.

8. Defendants employ cooks, food preparers, delivery drivers, and other employees performing similar duties.

9. Upon information and belief, the Corporate Defendant is the owner of Mirage Diner, which is engaged in the business of serving food and drink to customers and is located at 717 Kings Highway, Brooklyn, NY, 11223.

10. Defendant Kontolios is a member and, upon information and belief, an officer of the Company.

11. Defendant Kontolios possesses the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

12. Defendant Kontolios approves the payroll practices for Defendants' employees, including Plaintiff.

13. Defendant Kontolios possesses operational control over the Corporate Defendant and its employees through his financial control over the Corporate Defendant.

14. Plaintiff has been employed by Defendants to work as a delivery driver at the Restaurant within the last six (6) years.

15. The Individual Defendant is engaged in business in the City of New York, County of Kings. He is sued individually in his capacity as an owner, officer, employee, and/or agent of the Corporate Defendant.

16. Defendant Kontolios exercises sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employer under FLSA and New York State Labor Law ("NYLL").

17. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

18. Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto and (b) pursuant to the NYLL (§ 650 *et seq.*) on behalf of himself and other similarly situated employees who were employed by Defendants within three (3) years before the filing of the instant Complaint; and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 141 *et seq.*, on behalf of himself and other similarly situated employees who worked on or after the date that is six (6) years before the filing of the instant Complaint, based upon the following acts and/or omissions which Defendants committed;

     i. Defendants' failure to pay the required federal or state minimum wage;

     ii. Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff, who worked in excess of forty (40) hours per week;

     iii. Defendants withholding a portion of Plaintiff's tips;

     iv. Defendants' failure to provide Plaintiff with a wage notice and proper paystubs as required by NYLL § 195.

19. Additionally, Plaintiff brings claims regarding Defendants' practice of discrimination in the terms, conditions, and privileges of Plaintiff's employment on the basis of religion, ethnicity, and national origin in violation of New York City Human Rights Law, New York City Administrative Code § 8-101 *et seq.* ("NYCHRL"), and Section 1981 of the Civil Rights Act, 42 USC §1981.

20. Pursuant to § 8-502(c) of the NYCHRL, within ten days of the filing this Complaint with the Court, Plaintiff will serve a copy of this Complaint on the New York City Commission on Human Rights and on the Corporation Counsel for the City of New York.

21. Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL as detailed in this Complaint.

## FACT ALLEGATIONS

### IV. Defendants' Wage and Hour Violations.

22. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

23. Defendants maintained a policy and practice to not pay Plaintiff the required minimum wage in accordance with federal and New York State law.

24. Defendants maintained a policy and practice of failing to pay overtime compensation required by federal and New York State law and regulations to Plaintiff, who worked in excess of forty (40) hours per week.

25. Defendants maintained a policy and practice of failing to provide Plaintiff with proper wage notices and paystubs.

### 1. Minimum Wage Violations

26. Plaintiff worked as a delivery driver for Defendants starting in or around the early summer of 2018 until January 2022.

27. For this work, Defendants paid Plaintiff $4.30 an hour.

### 2. Overtime Violations

28. Throughout his employment, Plaintiff regularly worked 6 days a week.

29. At the beginning of his employment, Plaintiff was scheduled to work from 4:00 p.m. until 12:00 a.m.

30. Starting after another driver was in an accident on or around February of 2019, Plaintiff was scheduled to work from 12:00 p.m. until 12:00 a.m., frequently working until as late as 1:30 a.m.

31. Plaintiff therefore routinely worked more than 70 hours per week.

32. Although Plaintiff regularly worked more than 40 hours each week, Defendants never paid him for his overtime work at an overtime premium of 150% of his regular rate of pay.

33. As such, Defendants violated both the federal Fair Labor Standards Act and the New York Labor Law by failing to pay Plaintiff at the proper rate of time-and-a-half for his overtime hours.

### 3. Misappropriated Tips.

5

34. Defendants also misappropriated Plaintiff's tips.

35. Although Defendants permitted Plaintiff to keep his cash tips, they retained 50% of his credit card tips.

36. Defendants therefore violated NYLL § 196-d by requiring Plaintiff to share tips with them.

**4. Notice and Recordkeeping Violations**

37. Defendants failed to provide Plaintiff with a wage notice or proper paystubs in compliance with NYLL § 195.

38. Defendants did not provide Plaintiff with a notice specifying his actual hourly rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

39. Defendants also did not provide Plaintiff with a paystub specifying his actual hourly rate of pay, regular and overtime hours he worked, or the other information required under NYLL § 195.

40. Except for a brief period in 2019, throughout his employment with the Company, Plaintiff was required to work "off the books" and received payment only in cash.

41. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

**II. Discrimination and Hostile Work Environment Against Plaintiff Due to His Religion, Ethnicity, and National Origin.**

42. Plaintiff is Muslim who originates from Pakistan.

43. Defendants treated Plaintiff worse than similarly situated non-Muslim employees because of his religion.

44. On one occasion, another delivery driver, Danny, made a lewd gesture to Plaintiff, saying "this is your Allah."

6

45. This incident, which greatly upset Plaintiff, was witnessed by a manager, Mr. Nathan.

46. Plaintiff complained to Mr. Nathan directly about the incident, who stated that something would be done; however, no action was ever taken.

47. On or around Thanksgiving of 2021, Plaintiff's manager Jackie asked Plaintiff whether airport security had searched him thoroughly when he returned from his latest trip abroad. Plaintiff asked her what she meant. She responded: "These American people are so stupid, they don't learn, they let you in again."

48. Plaintiff reported this comment to Defendant Kontolios directly, but he did not respond.

49. In January 2022, while Plaintiff was out on deliveries, manager Jackie attempted to claim multiple times that Plaintiff had disappeared for hours and was not working, causing Plaintiff to have to defend himself and prove that he had been working.

50. Defendants engaged in this conduct purposely and with intent to harm Plaintiff.

51. At all times during Plaintiff's employment with Defendants, Plaintiff performed his job duties satisfactorily.

52. Defendants intentionally and deliberately discriminated against Plaintiff on account of his ethnicity, national origin, and religion, leading Plaintiff to the conclusion that he could no longer work for Defendants.

53. No reasonable person in Plaintiff's shoes would be expected to tolerate the conditions to which Plaintiff was subjected by Defendants.

54. Defendants forced Plaintiff to involuntarily resign in January 2022, thereby constructively discharging Plaintiff in violation of Section 1981 and the NYCHRL.

55. Defendants' acts of discrimination were performed with malice, and with callous and reckless indifference to Plaintiff's protected civil rights.

**Collective Action Allegations.**

56. Defendants' violations of the FLSA and NYLL extend beyond the Plaintiff to all other similarly situated employees. Plaintiff's consent to sue is attached as **Exhibit 1**.

57. Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated current and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

58. Upon information and belief, there are at least 30 current and former cooks, food preparers, delivery drivers, and other employees performing similar duties who have been denied overtime compensation while working for Defendants.

59. At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required minimum wage for all hours worked, willfully failing and refusing to pay the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek, and willfully failing to keep records required by the FLSA. Plaintiff's claims stated herein are similar to those of other employees.

60. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

**Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.**

61. Plaintiff brings this action collectively on behalf of himself and other similarly situated employees who did not receive compensation required by the NYLL in respect

to their work for Defendants and who have worked for the Defendants as cooks, food preparers, delivery drivers, and in other similar positions on or after the date that is six (6) years before the filing of the instant Complaint.

62. Upon information and belief, this class of persons consists of not less than 30 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

63. There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiff by Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

64. The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

65. Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of other members of the class.

66. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

67. Plaintiff brings the second through sixth claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations of NYLL.

**FIRST CLAIM FOR RELIEF**
**(Overtime Wage Violations under the FLSA against all Defendants)**

68. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

69. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

70. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

71. Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
(Overtime Wage Violations under NYLL against all Defendants)

72. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

73. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

74. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

75. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs,

Case 1:22-cv-02567-JRC  Document 1  Filed 05/05/22  Page 11 of 16 PageID #: 11

liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(Minimum Wage Violations under FLSA against all Defendants)**

76. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

77. Federal law requires an employer to pay all employees minimum wage, which is set at $7.25 per hour.

78. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff at the required minimum wage rate.

79. Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
**(Minimum Wage Violations under NYLL against all Defendants)**

80. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

81. New York law requires an employer to pay all employees minimum wage, which was set at $15 per hour for all New York City employers employing more than 11 people as of December 31, 2018 and for all employers employing fewer than 10 people as of December 31, 2019.

82. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff at the required minimum wage rate.

83. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (NYLL Failure to Notify against all Defendants)

84. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

85. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff and other similarly situated employees' hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

86. Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff and other similarly situated employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

87. Defendants failed to provide Plaintiff and other similarly situated employees with a notice or proper paystub in accordance with §195 of the NYLL.

88. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as

provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
**(NYCHRL Violations for Discrimination Against all Defendants)**

89. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

90. The NYCHRL makes it unlawful to use a person's religion as a basis to "discriminate against such person in compensation or in terms, conditions or privileges of employment."

91. By the acts and practices described above, Defendants discriminated against Plaintiff in terms, conditions or privileges of employment.

92. Defendants knew their actions constituted unlawful discrimination. Thus, Defendants willfully disregarded Plaintiff's statutorily protected rights.

93. Defendants constructively terminated Plaintiff by subjecting him to a hostile work environment which no reasonable person would be expected to tolerate.

94. Plaintiff is now suffering mental anguish, pain, suffering and monetary damages as a result of Defendants' discrimination and unlawful harassment under the NYCHRL.

### SEVENTH CLAIM FOR RELIEF
**(Discrimination in the Terms and Conditions of Employment in Violation of Section 1981)**

95. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

96. Defendants subjected Plaintiff to discrimination on the basis of his ethnicity and national origin, by tolerating a hostile work environment.

97. These acts were in violation of Section 1981 of the Civil Rights Act, 42 U.S.C. § 1981.

98. As a result of Defendants' actions, Plaintiff has suffered lost wages and emotional distress.

99. Due to Defendant's violations, Plaintiff is entitled to recover from Defendants compensatory and punitive damages, as well as reasonable attorneys' fees and costs of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory and retaliatory acts and practices of Defendants;

E. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory conduct;

F. Plaintiff's costs and reasonable attorneys' fees; and

G. Any relief the Court deems just and proper.

Dated: May 5, 2022
New York, New York

Respectfully submitted,

*Michael Taubenfeld*
_____
Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
ATTORNEYS FOR PLAINTIFF

EXHIBIT 1

**CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT**

I am an individual who was formerly employed by Mirag Diner and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

Mouhammad Razzaq
_____
NAME

_____
SIGNATURE