# FISHER | TAUBENFELD LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 384-0258
Writer's email: michael@fishertaubenfeld.com

December 13, 2024

**VIA ECF**
Honorable James R. Cho
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Razzaq v. BBKM Associates, LLC et al. *et al.*
Case No.: 22-cv-2567 (JRC)

Dear Judge Cho:

This firm represents Plaintiff Mouhammed Razzaq against Defendants BBKM Associates, LLC and Bill Kontolis. The parties write to respectfully request that the Court approve their settlement as fair and reasonable and so order the Stipulation of Dismissal that is attached to this letter (**Exhibit 1**).

## 1. Background to the Case and Procedural History.

Plaintiff was employed by Defendants to work as a delivery driver at the Mirage Diner. Plaintiff alleges that he worked from the summer of 2018 until January 2022. During Plaintiff's employment, Plaintiff asserts that Defendants failed to pay him in accordance with the FLSA and NYLL. Specifically, Plaintiff claims he worked 6 days a week, initially for approximately 8 hours a day. Beginning in February 2019, however, Plaintiff alleges that he began working 12 hours a day for 6 days a week. For this work, according to Plaintiff, Defendants paid Plaintiff $4.30 an hour and did not pay Plaintiff time-and-a-half for overtime work or spread-of-hours payments when he worked more than 10 hours a day. Plaintiff also alleges that Defendants misappropriated his tips by taking half of the credit card tips that customers left him. Finally, Plaintiff claims that Defendants did not provide to him a wage notice upon his hiring or a paystub that reflected his hours worked.[1]

---

[1] Plaintiff also alleged that Defendants discriminated against him because of his religion and national origins. Plaintiff has asserted in this suit New York City Human Rights Law claims. The parties have settled these non-wage discrimination claims separately via a separate agreement. Courts in this Circuit regularly approve such bifurcated settlements and do not require review of the non-wage agreements. Pavone

1

In discovery, Defendant produced limited time and pay records for Plaintiff and also denied that Plaintiff was underpaid, that he worked as many years as he asserted and that he worked as many hours as he claimed. The parties also engaged in depositions. Crucially, Defendants further claimed that they had limited resources as a result of a decline in business that started during the COVID-19 pandemic.

### 2. Settlement Discussions and Damages.

In September 2024, prior to submitting a joint pretrial order, the parties attended a settlement conference before the Court. With the Court's assistance, the parties reached an agreement at the end of the settlement conference to settle Plaintiff's FLSA and NYLL claims for $45,000, which they memorialized in a signed written agreement (**Exhibit 2**). Under the Agreement, Plaintiff will receive $30,000 and Plaintiff's counsel will receive 33.3% of the settlement for a total of $15,000. Plaintiff's counsel will not be reimbursed for costs under this agreement. In exchange for this payment, Plaintiff agrees to release all wage-related claims. There are no nondisparagement or confidentiality provisions in the Agreement.

### 3. The Court Should Approve the Settlement.

The settlement is fair and reasonable. First, Plaintiff will receive $30,000 under the Agreement, which is significant given Defendants' plausible representations that they are having financial difficulties. In addition, settlement allows the parties to avoid the burden and expenses of litigation. The next step in this case would be trial, which would be time-consuming and risky. A settlement allows the parties to avoid that.

Crucially, the settlement was reached at the end of a settlement conference before the Court. With the Court's assistance the parties were able to reach a settlement of this two-year old litigation before they proceeded to trial, which is a strong indicator that the settlement is fair and reasonable.

Further, none of the terms in the agreement is problematic. The release is limited to only wage claims. There are no confidentiality or nondisparagement clauses. The Agreement is therefore fair and reasonable.

The attorneys' fees are fair and reasonable as well, as both the hourly rates and the hours expended are reasonable. Under the agreement, my firm will receive $15,000, which is only 33.3% of the settlement amount. Courts in this Circuit regularly approve one-third contingency fees. See, e.g., Meza v. 317 Amsterdam Corp., No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015); Merino Leon v. Univ 45 Fruit & Vegetable Corp., No. 19-CV-8266 (RA), 2020 WL 1322580, at *2 (S.D.N.Y. Mar. 20, 2020); Almanzar v. Silver Star Properties Corp., No. 23 CIV. 819

---

v. Diesel U.S.A., Inc., No. 21 CIV. 5219 (PAE), 2022 WL 1177344 (S.D.N.Y. Mar. 2, 2022); Shavis v. Pay-O-Matic Check Cashing Corp., No. 19 CV 484 (CBA) (LB), 2019 WL 4919782, at *2, n.1 (E.D.N.Y. Aug. 22, 2019), report and recommendation adopted, No. 19-CV-00484(CBA)(LB), 2019 WL 4918090 (E.D.N.Y. Oct. 4, 2019).

(GWG), 2023 WL 6979460, at *3 (S.D.N.Y. Oct. 24, 2023); Carabali v. J. Wasser & Co. et al., No. 23-CV-5740 (AS), 2024 WL 3089982, at *3 (S.D.N.Y. June 21, 2024).

If the Court wishes to engage in a lodestar check, the lodestar is $21,150 (**Exhibit 3**).  Plaintiff is therefore requesting a negative multiplier.  Courts have recognized that reducing fees below the typical one-third because of early settlement has the "potential to create a disincentive to early settlement."  Hyun v. Ippudo USA Holdings, No. 14-CV-8706 (AJN), 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016) (quoting McDaniel v. Cty. of Schenectady, 595 F.3d 411, 418 (2d Cir. 2010)).  Courts have also approved lodestars exceeding more than 5 in FLSA cases.  See, e.g., Pinzon v. Jony Food Corp., No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) (approving lodestar of 5.23 and citing cases awarding lodestars as high as 6) see also Polanco v. York Food Corp., No. 19-CV-8815 (BCM), 2021 WL 1298975, at *1 n. 1 (S.D.N.Y. Apr. 7, 2021) ("In FLSA cases, when awarding fees based on hours worked, courts in this district will often approve lodestar multipliers between two and four times.")

The hourly rates are reasonable.  I am requesting an hourly rate of $500.  I am a partner at Fisher Taubenfeld LLP.  I was admitted to the Bar of the State of New York in 2008 and since then have practiced labor and employment law, with a strong focus on wage-and-hour law.  I have litigated as the primary attorney dozens of FLSA cases and have been designated class counsel in a FLSA case in this District in Gonzalez et al v. Allied Concrete Industries Inc. et al., EDNY Case No.: 2:14-cv-4771 (LGD), where I won partial summary judgment in hundreds of thousands of dollars for the class. I have also successfully won appeals in wage-and-hour matters before the Second Circuit and New York courts. Catzin v. Thank You & Good Luck Corp., 899 F.3d 77 (2d Cir. 2018); Hichez v. United Jewish Council of the E. Side, 179 A.D.3d 576, 117 N.Y.S.3d 214 (N.Y. App. Div. 2020).  I am a member of the New York chapter of the National Employment Lawyers Association (NELA-NY) and have been invited to give CLEs on the FLSA.  I have also been named a "Rising Star" by Super Lawyers.  $500 an hour for a named partner in a FLSA case is therefore reasonable. Canales v. Norwich Serv. Station Inc., No. 20-CV-4759(JMW), 2021 WL 5759727, at *5 (E.D.N.Y. Dec. 3, 2021).

The hours are reasonable as well.  I spent 42.3 hours of this case.  The work performed in this case included drafting the complaint, responding to a premotion letter, attending a mediation, appearing for multiple conferences with the Court, drafting discovery requests, taking and defending multiple depositions, attending the settlement conference, negotiating the settlement, and drafting the settlement approval documents. The fees are therefore appropriate.

*    *    *

Accordingly, the Court should approve the settlement as fair and reasonable.

Thank you for your attention to the above.

3

Respectfully Submitted,

--------------/s/--------------
Michael Taubenfeld

Encl.